UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JERRY JONES AND MANUEL ACOSTA, on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 4:08CV1991 HEA |
| MEMC ELECTRONIC MATERIAL, INC., et al., | ) ) ) | |
| Defendants, | ) | |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss, [Doc. No. 20]. Plaintiffs oppose the Motion and have filed a response thereto; Defendants have filed their reply to the response. Since the filing of the Motion, the parties have continued to present supplemental authority regarding their respective positions. For the reasons set forth below, the Motion is denied.

## Introduction

Plaintiffs bring this putative class action against various Plan fiduciaries, including MEMC itself, the MEMC Investment Committee ("the Committee"), and various named and unnamed fiduciaries. Plaintiffs allege that Defendants breached

various fiduciary duties, and that those breaches resulted in losses for which Defendants are now liable to the Plan under the Employee Retirement Income Security Act of 1974, (ERISA), §§ 1109 and 1132(a)(2) of ERISA. Plaintiffs also seek injunctive and monetary relief for a class of participants and beneficiaries under § 1132(a)(3). Plaintiffs brought the action suit on behalf of themselves and other members of the putative class of purchasers of MEMC Electronic Materials, Inc. (MEMC) stock which includes participants in MEMC's 401(k) plan. Defendants move to dismiss each of Plaintiffs' claims for failure to state a cause of action in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## **Facts and Background**[1]

Plaintiffs' Amended Complaint alleges the following: Plaintiffs state that their claims arise from the failure of Defendants, who are alleged fiduciaries of the Plan, to act solely in the interest of the participants and beneficiaries of the Plan, and to exercise the required skill, care, prudence, and diligence in administering the Plan and the Plan's asset during the period June 13, 2008 through the present.

The gravamen of Plaintiffs' Amended Complaint is that the alleged fiduciaries

---

[1] This recitation of facts is taken from Plaintiffs' Amended Complaint and is set forth for the purposes of this motion only. It in no way relieve the parties of the necessary proof thereof in later proceedings.

failed to timely notify Plan participants of certain events which they contend resulted in a downward drop in the value of the stock, which has never recovered.

According to Plaintiffs, Defendants allowed an impudent investment of the Plan's assets in MEMC common stock throughout the Class Period, even though they knew or should have known that such an investment was unduly risky and imprudent. Plaintiffs claim MEMC's serious mismanagement and improper business practices led to the artificial inflation of MEMC stock. As a result, the stock was an unduly risky and inappropriate investment option for the Plan participants' retirement savings during the Class Period.

Count I claims Defendants breached their duties to act prudently and loyally with respect to management of the Plan's investment in MEMC securities by continuing to offer MEMC stock as a Plan investment option when it was imprudent to do so and by failing to provide complete and accurate information to Plan participants regarding MEMC's financial condition and the prudence of investing in its stock, and by maintaining the Plan's pre-existing investment in MEMC stock when the stock was no longer a prudent investment.

Count II alleges that certain Defendants breached their fiduciary duties by failing to adequately monitor other persons to whom management/administration of

Plan assets was delegated, despite the fact that they knew or should have known that the other fiduciaries were imprudently allowing the Plan to continue offering MEMC stock as an investment option and investing Plan assets in MEMC stock when it was no longer prudent to do so.

Count III is brought against certain Defendants for failing to avoid or ameliorate inherent conflicts of interests thereby inhibiting their ability to function as independent single-minded fiduciaries with respect to the best interests of the Plan and its participants in mind.

Count IV alleges Defendants breached their duties and responsibilities as co-fiduciaries by knowing of breaches of fiduciary duties, and/or enabling breaches of fiduciary duties.

**MEMC**

MEMC Electronic Materials, Inc., (MEMC) is a publicly-traded company that designs, manufactures, and sells silicon wafers for use in semiconductors and solar cells. MEMC manufactures its primary raw material -- polysilicon -- at facilities in Pasadena, Texas and Merano, Italy. On July 23, 2008, MEMC announced that a fire at the Texas plant on June 13, 2008, shut polysilicon production down for a week. In the same announcement, MEMC stated that there

had been a failure on the production line in June, 2008. at the Merano plant that reduced polysilicon output for the second quarter by almost five percent. On July 24, 2008, MEMC's share price fell slightly more than twenty percent. Plaintiffs claim that Defendants misrepresented or failed to disclose these events in a timely manner.

**<u>The Plan</u>**

The Plan is a retirement plan sponsored by MEMC. It is a "defined contribution" plan. It is a voluntary contribution plan whereby participants make contributions to the Plan and direct the Plan to purchase investments with those contributions from options pre-selected by Defendants which are then allocated to participants' individual accounts. MEMC is also eligible to receive employer matching contributions. The Plan documents do not mandate that MEMC stock be offered in the Plan.

**<u>Defendants</u>**

This action is brought against MEMC and the "Director Defendants"--Nabeel Gareeb, Ahmad Chatila, Peter Black more, Marshall Turner, Robert Boehlke, John Marren, C. Douglas Marsh, William Stevens, James Williams, and Michael McNamara. The Director Defendants have the authority to appoint the

Plan Administrator and the Investment Committee Plaintiffs allege Defendants have authority over the Plan Administrator and the Investment Committee regarding Plan investments. As such, they claim they are fiduciaries. Plaintiffs allege that the Director Defendants exercised discretionary authority or discretionary control with respect to the appointment of the Plan fiduciaries and with respect to the management of the Plan. It is further alleged that they possessed discretionary authority or discretionary responsibility in the administration of the Plan and they exercised authority or control with respect to the management of the Plan's assets.

The "Investment Committee Defendants"-- the Investment Committee as an entity, which was a named fiduciary of the Plan, Kenneth H. Hannah, Mignons Cabrera, Jairaj Chetnani, Brandi Wallace, and James Welsh. The Investment Committee was appointed by MEMC. The Committee's duties include general responsibility of the investment of Plan assets. Plaintiffs allege the Investment Committee and its members are fiduciaries of the Plan. Each member of the Investment Committee is alleged to be a fiduciary in that each is alleged to have possessed discretionary authority or discretionary responsibility in the administration of the Plan and each exercised authority or control with respect to the management of the Plans' assets.

Defendants John Does 1-10, are alleged Plan fiduciaries whose identities are unknown to Plaintiffs.

## **Discussion**

The notice pleading standard of Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to give a short and plain statement "plausibly suggesting . . . that the pleader is entitled to relief." *Bell Atlantic v. Twombly*, 550 U.S. 544, 557 (2007). Under this standard, a claim is facially plausible where "the pleaded factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009) (internal citations omitted). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). That said, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal alterations and citations omitted). Thus, application of this standard suggests a two-step analysis under which the Court may first (1) determine whether

there are factual allegations in the complaint sufficient to entitle the plaintiff to "the assumption of truth," and if so, (2) "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. 1937, 1950; *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must therefore take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Twombly*, 550 U.S. at 555-56. The Court does not, however, accept as true any allegation that is a legal conclusion. *Iqbal*, 129 S.Ct. at 1949-50. The complaint must have "'a short and plain statement of the claim showing that the [plaintiff] is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)(2) and then *Conley v. Gibson*, 355 U.S. 41, 47 (1957), abrogated by *Twombly*, supra); see also *Gregory v. Dillard's Inc.*, 565 F.3d 464, 473 (8th Cir.) (en banc), cert. denied, 130 S.Ct. 628 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*,

129 S.Ct. at 1949. If the claims are only conceivable, not plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1950. In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594. The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. *Id.*; *Nusku v. Williams*, 490 U.S. 319, 327 (1989).

While Defendants embrace Plaintiffs' presentation of *Braden* as additional authority for resolution of the motion to dismiss, they do so in a limited manner. Defendants argue that *Braden* is indeed applicable to the instant matter because it follows the enunciated standards of *Twombly* and *Iqbal*. Defendants, however, fail to delve deeper into the depths of *Braden* as it relates to this action.

In *Braden*, the Eighth Circuit concluded that the district court erred in ignoring reasonable inferences supported by the facts alleged and that the district court erred in drawing inferences in defendants' favor. *Braden*, 588 F.3d at 595.

> Each of these errors violates the familiar axiom that on a motion to dismiss, inferences are to be drawn in favor of the non-moving party. *Northstar Indus. v. Merrill Lynch & Co.*, 576 F.3d 827, 832 (8th

Cir.2009). *Twombly* and *Iqbal* did not change this fundamental tenet of Rule 12(b)(6) practice. See *Iqbal*, 129 S.Ct. at 1949; *Vila*, 570 F.3d at 285; *Justice v. Town of Cicero*, 577 F.3d 768, 771 (7th Cir.2009); *al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir.2009).

*Id.*

Moreover, the *Braden* Court again recognized the fundamental purpose underlying ERISA. In applying the Federal Rules of Civil Procedure, the Court must be "attendant to ERISA's remedial purpose and evident intent to prevent through private civil litigation 'misuse and mismanagement of plan assets.'" *Id.*, at 597. (internal citation omitted).

The *Braden* Court also recognized that often ERISA plaintiffs generally lack the inside information necessary to make out their claims in detail.

> Thus, while a plaintiff must offer sufficient factual allegations to show that he or she is not merely engaged in a fishing expedition or strike suit, we must also take account of their limited access to crucial information. If plaintiffs cannot state a claim without pleading facts which tend systemically to be in the sole possession of defendants, the remedial scheme of the statute will fail, and the crucial rights secured by ERISA will suffer.

*Id.*, at 598.

Plaintiffs set forth sixty pages of allegations in their Amended Complaint. They detail the background which gives rise to their claims. According to the

Amended Complaint, MEMC had a track record of keeping Plan participants, and the public, informed of events which effected the stock. With respect to the June, 2008 events, MEMC remained silent. Absent the notification of the occurrences, Plaintiffs contend they were misled regarding the strength of MEMC stock; they had no reason to dispose of the stock at that time. Plaintiffs contend this silence led to breaches of fiduciary duties. *Braden*, 588 F.3d 598-99. Plaintiffs also detail the method of MEMC's production operations with respect to machinery and its effect on production of the wafers. Plaintiffs allege that Defendants should have sold the stock at a point when they were aware that the stock was decreasing in value. Taken together as a whole, and with a mind toward notifying Defendants of the claims against them, the Court believes that these allegations are sufficient, under *Braden*, to withstand Defendants' Rule 12(b)(6) challenge.

Likewise, the Court concludes that Plaintiffs' allegations are sufficient to overcome the *Moench v. Robertson*, 62 F.3d 553 (3d Cir.1995) presumption of prudence, if such presumption indeed exists in this Circuit.[2] Defendants argue that in order to overcome the *Moench* presumption, Plaintiffs must allege that MEMC was on the

---

[2] None of the parties have cited any authority that the Eighth Circuit has had occasion to discuss the application of the presumption of prudence articulated in *Moench*. As such, this Court cannot definitively state that the presumption is applicable.

verge of collapse. Plaintiffs have not so alleged, nor could they since the facts alleged in the Amended Complaint do not support such a contention. However, the Court agrees with Plaintiffs that such allegations require too heavy a burden considering the remedial nature of ERISA and its stated intent, as explained in *Braden*. As such, Plaintiffs need not allege imminent collapse in order to overcome the presumption. Rather, it is sufficient, at this stage of the proceedings to set forth allegations to notify Defendants that Plaintiffs challenge the prudence and loyalty exhibited by Defendants. Plaintiffs allege MEMC had experienced material disruptions in its Texas and Italy facilities; these disruptions prevented MEMC from generating expected revenues to a material extent; MEMC operated its production facilities on a "run to failure" maintenance basis where machines were run without maintenance until they broke, but failed to disclose this information; and as a result of the foregoing, MEMC's previously issued financial performance guidance became lacking in any reasonable basis and required immediate revisions. These allegations are sufficient under Rule 8, particularly in light of the *Braden* Court's articulation of the duty of prudence under ERISA.

> ERISA imposes upon fiduciaries twin duties of loyalty and prudence, requiring them to act "solely in the interest of [plan] participants and beneficiaries" and to carry out their duties "with the

> care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use I the conduct of an enterprise of a like character and with like aims." 29 U.S.C. § 1104(a)(1). The statute's "prudent person standard is an objective standard. . . that focuses on the fiduciary's conduct preceding the challenged decision." In evaluating whether a fiduciary has acted prudently, we therefore focus on the process by which it makes its decisions rather than the results of those decisions.

*Braden*, 588 at 595. (internal citations omitted). Plaintiffs have sufficiently alleged a breach of the fiduciary duty of prudence.

Similarly, Plaintiffs have sufficiently pled Defendants were fiduciaries within the meaning of ERISA. Under ERISA, one who exercises "any authority or control respecting management or disposition of its assets" is a fiduciary. 29 U.S.C. § 1002(21)(A)(I). Plaintiffs have done so in their Amended Complaint. They claim that the individual directors had discretionary authority over the Plan. At this stage of the proceedings, it is sufficient for Plaintiffs to apprise Defendants of the claims they ultimately must prove in order to recover against Defendants. This is not a case of fraud or securities violations, which require a heightened standard of pleading specific factual allegations. Rather, the case *sub judice* must merely notify Defendants of the claims and must set forth sufficient facts to simply establish that there is a plausible cause of action under *Twombly* and *Iqbal*. Plaintiffs have

satisfied this burden with respect to naming the entities and individuals they contend are fiduciaries under the Plan. Whether Plaintiffs can ultimately prove such fiduciary status of each individual is a matter for a different analysis, a different issue entirely.

Plaintiffs claim that Defendants breached their duty of loyalty by failing to provide complete and accurate information about MEMC and the prudence of investing in the MEMC stock fund. They further contend that Plaintiffs relied on the inaccurate information to their detriment. Assuming, as the Court must in this determination, Plaintiffs have sufficiently stated a claim.

> Information is material if there is a substantial likelihood that non disclosure "would mislead a reasonable employee in the process of making an adequately informed decision regarding benefits to which she might be entitled." [M]ateriality turns on the effect information would have on a reasonable participant's decisions about how to allocate his or her investments among the options in the Plan.
> Materiality is a fact intensive issue which can be decided as a matter of law only if no reasonable trier of fact could disagree.

*Braden*, 588 F.3d at 599. (internal citations omitted). The allegations of the Amended Complaint set out the basis upon which Plaintiffs claim Defendants breached their duty of loyalty. The question of whether the information or nondisclosure of information was material can only be determined by the trier of fact,

and is not a relevant inquiry at the motion to dismiss stage.

With respect to Defendants' claim that the Federal Securities laws precluded them from providing the alleged material information, the Court agrees with Plaintiffs' analysis that these securities laws do not shield Defendants from potential liability. See, *In re AEP ERISA Litigation*, 327 F.Supp.2d 812, 824 (S.d. Ohio 2004.

Finally, Plaintiffs have sufficiently alleged a claim of conflict of interest. Plaintiffs allege Defendants were conflicted by their dual positions as fiduciaries and corporate executives and that Defendants failed to timely engage independent fiduciaries who could make independent judgments concerning the Plan's investment in the Company's own securities and by otherwise placing their own and/or the Company's interests above the interests of the participants with respect to the Plan's investment in MEMC stock. These allegations are sufficient to withstand Defendants' challenge under Rule 12(b)(6).

> The transactions prohibited by § 1106 tend to be those in which "a fiduciary might be inclined to favor [a party in interest] at the expense of the plan's beneficiaries." *Harris Trust & Sav. Bank*, 530 U.S. at 242, 120 S.Ct. 2180. At common law, the fiduciary bears the burden of justifying such transactions. *See, e.g. Fulton Nat'l Bank v. Tate*, 363 F.2d 562, 571-72 (5th Cir. 1966)("[T]he beneficiary need only show that the fiduciary allowed himself to be placed in a position

where his personal interest *might* conflict with the interest of the beneficiary[, and] the law presumes that the fiduciary acted disloyally.") (emphasis in original) *Matter of Estate of Snapp*, 502 N.W.2d 29, 34 (Iowa 1993); *Peyton v. William C. Peyton Corp.*, 7 A.2d 737, 747 (Del. 1939). In short, "prohibited transactions [under § 1106(a)(1)] involve self-dealing [and the] settled law is that in such situations the burden of proof is always on the party to the self-dealing transaction to justify its fairness." *Marshall v. Snyder*, 572 F2d. 894, 900 (2d Cir. 1978).

*Braden* 588F.3d at 602.

## Conclusion

Plaintiffs' Amended Complaint complies in all respects with *Twombly, Iqbal* and *Braden*. It sufficiently alleges claims against Defendants under the standards of Rule 8 of the Federal Rules of Civil Procedure. As such, Defendants' Motion to Dismiss for Failure to State a Cause of Action must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the Defendants' Motion to Dismiss, [Doc. No. 20], is denied.

Dated this 17th day of March, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE