UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JERRY JONES AND MANUEL ACOSTA, )<br>on behalf of themselves and all others )<br>similarly situated, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>MEMC ELECTRONIC MATERIAL, INC., )<br>et al., )<br>)<br>Defendants, ) | Case No. 4:08CV1991 HEA |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion for Reconsideration or, in the Alternative, Certification for Interlocutory Appeal, [Doc. No. 51]. Plaintiffs oppose the motion and the parties have extensively briefed the issues. For the Reasons set forth below, the Motion for Reconsideration is granted.

While a motion to reconsider is not explicitly contemplated by the Federal Rules of Civil Procedure, Rule 60(b) allows a party to seek relief from an order if the party can prove mistake, inadvertence, surprise, excusable neglect, or for "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(1) and (6).

On March 17, 2010, this Court entered its Opinion, Memorandum and Order denying Defendants' Motion to Dismiss Plaintiffs' Amended Complaint. The Court

concluded at that time that Plaintiffs' Amended Complaint satisfied the pleading requirements of Rule 12(b)(6) under the standards set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937. This conclusion was based on the Court's erroneous reliance on *Braden v. Wal-Mart*, 588 F.3d 585 (8th Cir. 2009) in determining that Plaintiffs had sufficiently overcome the *Moench*[1] presumption of prudence at the pleading stage. *Braden* did **not** address the presumption, nor was the *Braden* Court called to do so. In relying on *Braden*, the Court unfortunately failed to consider the decisions which have construed the presumption and its applicability *vis a vis* a motion to dismiss. As such, this Court's reliance on *Braden* for its finding that Plaintiffs were not required to plead more than allegations to notify Defendants that Plaintiffs challenge the prudence and loyalty exhibited by Defendants was gravely in error.

Although the Eighth Circuit Court of Appeals has not had occasion to address application of the *Moench* presumption, numerous circuit and district courts throughout the country, including district courts within this Circuit, have considered its application at the pleading stage. Defendants have presented an extensive collection of these cases: *Ward v. Avaya*, 299 Fed App'x 196, 200 (3d Cir. 2008) (affirming dismissal of *Ward v. Avaya, Inc.*, 487 F. Supp. 2d 467, 479-80 (D.N.J.

---

[1] *Moench v. Robertson*, 62 F.3d 553 (3d Cir. 1995).

2007)); *Edgar v. Avaya*, 503 F.3d 340, 349 n.14 (3d Cir. 2007); *In re SLM Corp ERISA Lit*, 2010 WL 3910566 (S.D.N.Y. 2010); *In re Bank of Amer. Corp. ERISA Lit.*, 2010 WL 3448197 (S.D.N.Y. 2010); *Fisher v. JP Morgan Chase & Co.*, No. 03 Civ. 3252, -- F. Supp. 2d --, 2010 WL 1257345 at **7- 9 (S.D.N.Y. Mar. 31, 2010); *Wright v. Medtronic, Inc.*, No. 09-CV-0443, 2010 WL 1027808, at **1, 6 (D. Minn. Mar. 17, 2010); *Harris v. Amgen, Inc.*, No. 07-CV-5442, 2010 WL 744123, at **12-13 (C.D. Cal. Mar. 2, 2010); *Gearren v. McGraw-Hill Cos., Inc.*, No. 08 Civ. 7890, 2010 WL 532315, at *13 (S.D.N.Y. Feb. 10, 2010); *In re Lehman Bros. ERISA Litig.*, No. 08-Civ.-5598, -- F. Supp. 2d --, 2010 WL 354937, at *5 (S.D.N.Y. Feb. 2, 2010); *In re Harley-Davidson, Inc. Secs. Litig.*, 660 F. Supp. 2d 953, 967 (E.D. Wis. 2009); *Huntington Bancshares, Inc., ERISA Litig.*, 620 F. Supp. 2d 842, 851-53 (S.D. Ohio 2009); *Benitez v. Humana, Inc.*, No. 3:08-CV-211, 2009 WL 3166651, at *8 (W.D. Ky. Sept. 30, 2009); *In re Citigroup ERISA Litig.*, No. 07 Civ. 9790, 2009 WL 2762708, at *12 (S.D.N.Y. Aug. 31, 2009); *Johnson v. Radian Group, Inc.*, No. 08-2007, 2009 WL 2137241, at *15 (E.D. Pa. July 16, 2009); *In re Avon Prods., Inc. Secs. Litig.*, No. 05 Civ. 6803, 2009 WL 848083, at *10 (S.D.N.Y. Mar. 3, 2009); *In re Bausch & Lomb Inc. ERISA Litig.*, No. 06-6297, 2008 WL 5234281, at **5-6 (W.D.N.Y. Dec. 12, 2008); *In re Dell, Inc. ERISA Litig.*, 563 F. Supp. 2d 681, 693-94 (W.D. Tex.

2008); *In re RadioShack ERISA Litig.*, 547 F. Supp. 2d 606, 614 (N.D. Tex. 2008); *In re Ford Motor Co. ERISA Litig.*, No. 06-cv-11718, 2007 WL 4590244, at *14 (E.D. Mich. June 29, 2007).

In *Moench*, the Third Circuit Court of Appeals held that "an [Employment Stock Ownership Program], ESOP fiduciary who invests the assets in employer stock is entitled to a presumption that it acted consistently with ERISA by virtue of that decision." 62 F.3d at 571. In *Edgar v. Avaya, Inc.*, 503 F.3d 340 (3d Cir. 2007), the Court extended the *Moench* presumption to all eligible individual account plans, EIAPs. 503 F.3d at 347. Likewise, the Fifth Circuit has also held that the *Moench* presumption applies to any allegations of fiduciary duty breach for failure to divest all types of EIAPs. *Kirschbaum v. Reliant Energy, Inc.*, 526 F.3d 243, 254 (5th Cir. 2008).

Moreover, the majority of courts considering the *Moench* presumption have concluded that overcoming the presumption requires allegations which entail substantially more than merely challenging the prudence and loyalty exhibited by Defendants, as stated by this Court's Order. See, *e.g.*, *Wright v. Medronic, Inc.*, 2010 WL 1027808, *5 (D. Minn.2010)("plaintiffs must allege sufficient facts to demonstrate that they have a non-speculative claim that investing in [the Defendant company] stock during the class period was so risky that no prudent fiduciary would

have invested *any* Plan assets in" the stock.(emphasis in original); *In re Bank of America*, 2010 WL 3448197 * 20 ("The pleading must allege that the fiduciary had knowledge at a pertinent time of 'an imminent corporate collapse or other "dire situation" sufficient to compel an ESOP sell-off,'" quoting, *In re Lehman Bros*, 683 F.Supp.2d at 301; *Crocker v. KV Pharm. Co*, 2010 WL 1257671, * 20 (E.D. Mo. 2010)("[T]o meet this standard on the pleadings, the facts alleged must depict the kind of 'dire situation' at the subject company which would require plan fiduciaries to disobey plan terms to invest in company stock so that they might satisfy their prudent investment obligation to plan participants under ERISA. Facts that could indicate that plan fiduciaries abused their discretion by continuing to invest in company stock include, as was the case in *Moench*, a 'precipitous decline in the price of [the employer's] stock,' together with allegations that plan fiduciaries knew of the stock's 'impending collapse' and the conflicted status of the fiduciaries," quoting, *In re Merck & Co, Inc. Sec., Deriv. & ERISA Litig,* 2009 WL 790452, *3 (D.N.J. 2009) (internal citations omitted).

The Court's reliance on *Braden* to find that Plaintiffs have stated a conflict of interest claim was also in error. As Defendants correctly point out, *Braden's* discussion arose in the context of a conflict of interest under Section **406** of ERISA, whereas, in the matter before the Court, Plaintiffs' claims are brought under Section

**404** of ERISA. Plaintiffs recognize as much, but argue that they have generally plead a conflict of interest and accordingly, the Court's reliance on *Braden* was proper. Plaintiff's Amended Complaint belies this argument as Plaintiffs clearly delineate that their claims are brought under Section 404 of ERISA. As such, the *Braden* discussion of the pleading requirements for a conflict of interest under Section 406 has **no** bearing on this matter.

With respect to the Court's finding that Plaintiffs have stated a valid "disclosure" claim, the Opinion, Memorandum and Order failed to address the allegations as to whether they relate to Plan eligibility or benefits, or whether the allegations fall within the purview of information about the company's day to day operations. The Court concludes that this analysis must be addressed at the motion to dismiss stage of the proceedings. The Court's conclusion that Plaintiffs have sufficiently pled a disclosure claim without this analysis was therefore in error. See *Wilson v. Southwestern Bell Telephone Co.,* 55 F.3d 399, 406 (8th Cir. 1995)("Employer fiduciaries are not required to provide general business information to potential plan participants, and fiduciaries do not violate their duties by failing to disclose such information.").

Based upon the foregoing, reconsideration of the March 17, 2010 Opinion, Memorandum and Order is justified. The Court concludes that the errors contained

in its Opinion, Memorandum and Order also justify vacating the Opinion. The Court will revisit the issues raised in Defendants' Motion to Dismiss the Amended Complaint in a separate Opinion. The Parties will be given leave to supplement their briefs.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Reconsideration, [Doc. No. 51], is **GRANTED.**

**IT IS FURTHER ORDERED** that the Opinion, Memorandum and Order dated March 17, 2010 is vacated, set aside and held for naught.

**IT IS FURTHER ORDERED** that the parties may, if they so desire, supplement their arguments within 14 days from the date of this Order.

**IT IS FURTHER ORDERED** that Defendants' Motion for Oral Argument, [Doc. No. 56], is denied as moot.

Dated this 18th day of October, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE